379 F.Supp. 827 (1974)
UNITED MINE WORKERS OF AMERICA DISTRICT NO. 5 and United Mine Workers of America, Local No. 7795, Plaintiffs,
v.
PENNWEIR CONSTRUCTION COMPANY, Defendant.
Civ. A. No. 73-852,
United States District Court, W. D. Pennsylvania.
August 7, 1974.
Kuhn, Engle, Blair & Stein, Pittsburgh, Pa., for plaintiffs.
Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

OPINION
WEBER, District Judge.
This is an action to enforce an arbitration award of an Umpire rendered pursuant to the grievance procedure of the National Bituminous Coal Wage Agreement of 1971. Plaintiffs are a District and Local Union of the United Mine Workers of America, the recognized *828 exclusive bargaining agent of Defendant's employees. The matter comes before the court on cross-motions of the parties for Summary Judgment.
There is no dispute as to the underlying facts of this case. On May 3, 1973, the Defendant Company hired one Parko as a bulldozer operator. On May 24, 1973, Parko experienced difficulty in handling the bulldozer and was discharged by his supervisor. In discharging the employee the Company did not follow the provisions of Art. XVIII Discharge Procedure of the Collective Bargaining Agreement. The discharge was the subject of a grievance filed by the Plaintiff Unions under the Collective Bargaining Agreement, Art. XVII Settlement of Disputes and was ultimately referred to an arbitrator selected by the parties to make a final determination. The arbitrator sustained the grievance and ordered that Parko be reinstated with all contract rights and benefits from May 24, 1973 until the date of reinstatement, less any sums earned by him in the meantime. The Defendant Company has reinstated Parko but refuses to pay back pay. The arbitrator's decision is reported in 71-1 ARB ¶ 8227.
The arbitrator determined three questions in the course of his deliberations. He found that Parko was not a probationary employee which would make him subject to discharge at the will of the Company, and that any agreement entered into between the Local Union and the grievant or employer providing for probationary employees was invalid. Second, the arbitrator found that the grievant was not discharged for just cause. Thirdly, the arbitrator found that the defendant Company had not followed the procedural requirements of the Collective Bargaining Agreement.
If the argument of the Defendant Company is accepted it is immaterial whether or not the employee was dismissed for just cause or whether the procedural requirements for dismissal in the contract were followed. It is the contention of the Defendant Company that the employee was a "probationary employee" who could be dismissed summarily and without cause during the first thirty days of his employment with the Company. The arbitrator decided the question of "probationary employee" adversely to the Company.
It is the contention of the Defendant that the arbitrator's finding with respect to the claim of defendant of a thirty day probationary period of employment was invalid and drew no support from the contract which he was construing. The Defendant relies on the statement of the Supreme Court in United Steel Workers v. Enterprise Wheel & Car Corp., 363 U.S. 593 [1969], at p. 597, 80 S.Ct. 1358, at p. 1361, 4 L.Ed.2d 1424:
". . . his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."
The Court of Appeals for this Circuit has in Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 [3rd Cir. 1969], and in Swift Industries, Inc. v. Botany Industries, Inc., 466 F.2d 1125 [3rd Cir. 1972] emphasized that an arbitrator's award does not draw its essence from the agreement if the arbitrator's interpretation cannot be rationally derived therefrom. These two cases establish the rule that an arbitrator's award may not stand if it does not meet the test of fundamental rationality.
The Defendant cites Art. XIX Sec. (b) as supporting its argument that the employee involved here was a "probationary employee", not covered by the discharge procedures of the collective bargaining agreement, because of the exception for prior practice and custom:
". . . Local agreements, rules, regulations and customs heretofore established in conflict with this agreement are hereby abolished. Prior practice and custom not in conflict with this agreement may be continued *829 . . . Wherever a conflict arises between this agreement and any district of local agreement, this agreement shall prevail."
Defendant Company contends that this provision in the collective bargaining agreement sanctioned its long-standing probationary period practice. The arbitrator considered the contention of the Defendant Company and found that it was quite likely that there was such a local agreement by reason of the fact that the grievant admitted that he was hired as a probationer at all times during the hearing, and the local officers were not called to refute the existence of this agreement. The purport of the local agreement was to the effect that all new employees are to be considered as probationary employees for a period of thirty days after their employment and may be discharged without cause and without notice during this period. The Defendant Company asserts that this agreement had been in effect for more than twenty years.
The Defendant attacks the rationale of the arbitrator in rejecting the contention of the Defendant Company. At one point in his Opinion the arbitrator reasoned that the past practice custom referred to in Art. XIX could only be used to interpret an ambiguous provision of the agreement, it had no independent significance apart from explaining the written language of the contract. He further reasoned that because the collective bargaining agreement contains absolutely no reference to a probationary employee, therefore, evidence of past practices or local agreement would not be considered.
We are not concerned with the rationale by which the arbitrator reached his decision.
"[M]ere error in the law or failure on the part of the arbitrators to understand or apply the law.",
will not justify judicial intervention. Saxis Steamship Co. v. Multifacs Inter. Traders, Inc., 375 F.2d 577, 582 [2nd Cir. 1967].
"[W]hether the arbitrators misconstrued a contract is not open to judicial review." Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 203, n. 4, 76 S.Ct. 273, 276, 100 L.Ed. 199 [1955].
Rather the standard is that the arbitrator's award is legitimate as long as it draws its essence from the collective bargaining agreement. Ludwig Honold Mfg. Co. v. Fletcher, cite supra, 405 F.2d p. 1125. While the arbitrator found that he could not consider a local agreement or custom to construe an ambiguity because there was no ambiguity, the term "probationary employee" never appearing in the contract, nevertheless he derives his decision from the contract.
The standard of review has been stated as follows:
"Accordingly, we hold that a labor arbitrator's award does `draw its essence from the collective bargaining agreement' if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the party's intention;
. . .". Ludwig Honold Mfg. Co. v. Fletcher cit. supra, 405 F.2d p. 1128. Applying this rationale to the contract in question we find that Art. XIX Section (b) reads as follows:
"Section (b) Prior Practice and Custom

This agreement supersedes all existing and previous contracts except as incorporated and carried forward herein by reference; and all local agreements, rules, regulations and customs heretofore established in conflict with this agreement are hereby abolished."
Then turning to Art. XVIII Discharge Procedure, we note the following single sentence: "No employee shall be summarily discharged". The remainder of Art. XVIII provides the procedure for discharge which requires a written notice from the employer to the employee stating the reason, a suspension from *830 duty of not more than five days, and an opportunity of the employee to be granted a hearing on request. This language is absolute. It applies to all discharge cases. It admits of no exception. Any claimed probationary hiring policy of the company whether in the form of "past practices" or "local agreement" conflicts with this language and in the sense that the arbitrator was attempting to resolve a conflict his exercise of that decision draws its authority directly from the contract.
We might draw similar conclusions from other provisions in the contract. Art. II of the contract enumerates employees who are specifically exempted from its provisions and then provides "All other employees working in or about the mine shall be included in this agreement". Nor do any other provisions of the contract relating to employees dealing with such matters as job classifications of new employees orientation for new employees, vacation pay accrual, seniority and job bidding, and exceptions to employees required to become members of the United Mine Workers of America, make any mention of probationary employees or the specific problems that such a class of employees would raise in connection with the implementation of those sections. The inclusion of these special conditions for many of the aspects of employment raises a proper inference that no exception was to be made for a claimed class of "probationary employees" and would likewise support the arbitrator's award as drawing its essence from the contract document.
We conclude, therefore, that the award of the arbitrator draws its essence fom the collective bargaining agreement and that the arbitrator's interpretation is rationally derived from the agreement itself.
It follows that if no exception to the contract terms regarding discharge can be made for "probationary employees" that the remainder of the arbitrator's determination likewise finds its basis in the contract. If the employee cannot be discharged except for just cause the arbitrator's determination of just cause is based on the contract and must be affirmed. Similarly, the arbitrator's determination that the procedual requirements for such discharge have not been followed must be sustained because the defendant company does not contend that it followed the procedures set forth in the collective bargaining agreement, but rather that it was not required to follow such procedure.
The defendant also argues that the arbitrator's award in this case must be vacated because it violates a specific command of a statute, Sec. 8(b)(3) of the National Labor Relations Act, by condoning a refusal of the labor organization to bargain collectively with an employer over the terms or conditions of employment of union members. The defendant argues that the thirty day probationary period was a term or condition of employment at the defendant company's shop for more than twenty years and that the Union by filing a grievance which was affirmed by the arbitrator unilaterally changed the terms or conditions of employment without collective bargaining. We cannot accept this argument. The provision in the collective bargaining agreement, which was arrived at by the collective bargaining process between authorized representatives of the Union and the employer here, incorporated a specific provision that "no employee shall be summarily discharged". The arbitrator concluded that no exception to this provision could be sustained on the basis of a "past practice" or "local agreement". He drew such interpretation from the body of the contract itself. His award must be sustained.